**James DORSETT, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0906–CR–292.

Court of Appeals of Indiana.

Feb. 19, 2010.

Barbara Coyle Williams, Evansville, IN,
Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

James Dorsett appeals from his conviction for operating a vehicle while intoxicated, as a Class A misdemeanor, following a bench trial.[1] Dorsett raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

At about 2:00 a.m. on November 27, 2008, Sergeant Chad Ferguson of the Vanderburgh County Sheriff's office saw a white Mitsubishi car parked in the middle of a CVS parking lot. The vehicle's engine was running, and its headlights were on. Inside, Dorsett sat in the driver's seat slumped over the steering wheel. Sergeant Ferguson approached the car, shined his flashlight on Dorsett through the driver's side window, banged on the window, and orally hailed Dorsett for approximately thirty seconds before Dorsett acknowledged him.

Sergeant Ferguson noticed that Dorsett was speaking slowly, was reacting to questions slowly, had red eyes, and had a

strong odor of alcohol about him. Dorsett told Sergeant Ferguson that he had been at a party at a nearby friend's house and that he was on his way home. Dorsett also told Sergeant Ferguson that, on the way home, he had driven to a nearby McDonald's for some food. Sergeant Ferguson asked Dorsett to undergo two field sobriety tests. Dorsett failed one test, and Sergeant Ferguson arrested him. At the police station, Dorsett's blood alcohol content tested at 0.12%. At no point did Sergeant Ferguson observe Dorsett travelling in the vehicle in which he was found.

On December 1, 2008, the State charged Dorsett with two counts of operating a vehicle while intoxicated, one as a Class A misdemeanor and one as a Class C misdemeanor. The court held a bench trial on February 10, 2009. On March 3, the court found Dorsett guilty as charged. In reaching its determination, the court entered the following specific findings and conclusions thereon:

1. According to the testimony of Deputy Ferguson, [Dorsett] admitted that he had been drinking and had driven to McDonald['s] and was going to drive home.

2. Deputy Ferguson testified that [Dorsett] did not mention anything about walking to Old Chicago[, a nearby restaurant,] (where [Dorsett] admitted [during his testimony] he had [drunk] too much) and [then] walking to McDonald['s].

3. [Dorsett's] car was parked remote to the Old Chicago parking lot.

---

1. The State incorrectly identifies this case as an appeal from a Class C misdemeanor conviction, and Dorsett incorrectly identifies this as an appeal from both a Class A misdemeanor and a Class C misdemeanor conviction. As stated below, although the trial court found Dorsett guilty of both a Class A and a Class C misdemeanor, the court merged those

convictions and entered judgment against Dorsett only on the Class A misdemeanor conviction. *See* Transcript at 70, 73; Appellant's App. at 3. We also note that the chronological case summary incorrectly suggests that Dorsett pleaded guilty to the State's charges against him. *See* Appellant's App. at 3.

4. Deputy Ferguson found [Dorsett] in a running vehicle with the lights on, slumped over in the seat.

5. At trial [Dorsett] denied admitting driving to McDonald['s] to Deputy Ferguson. [Dorsett's] [t]rial testimony that he parked in the CVS parking lot, walked to Old Chicago restaurant and drank alcohol and then walked back to his car and then walked to McDonald['s] on a very cold night and then passed out in the vehicle is not credible.

6. [Dorsett] at trial stated that he had recently had hernia surgery and was on medication that made him drowsy[,] which makes it even less likely that he would have walked to Old Chicago and McDonald['s].

7. Although [Dorsett] produced a receipt showing that he had purchased food at McDonald['s], the Court notes that no receipt was presented showing that [Dorsett] had been at Old Chicago nor was any explanation given regarding the absence of any such receipt.

8. The Court did find credible Deputy Ferguson's testimony that the McDonald['s] walk-in service was probably closed at the time of [Dorsett's] purchase so that [Dorsett] would have had to use the drive up window[,] which is consistent with what [Dorsett] initially told Deputy Ferguson.

Appellant's App. at 8–9. The court then merged Dorsett's two convictions and entered judgment and sentenced Dorsett only on the Class A misdemeanor conviction. *See* Transcript at 70, 73. This appeal ensued.

### DISCUSSION AND DECISION

Dorsett challenges the sufficiency of the State's evidence underlying his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.* In order to prove that Dorsett operated a vehicle while intoxicated, as a Class A misdemeanor, the State had to show that Dorsett "operate[d] a vehicle in a manner that endanger[ed] a person." Ind.Code § 9–30–5–2(b).

Dorsett contends that the State failed to present sufficient evidence that he actually operated his vehicle because Sergeant Ferguson did not observe Dorsett driving the vehicle. In *Hiegel v. State*, 538 N.E.2d 265, 268 (Ind.Ct.App.1989), we held that "[s]howing that the defendant merely started the engine of the vehicle is not sufficient evidence to sustain a conviction for operating a vehicle while intoxicated." Rather, the State must show that the defendant drove, or was in actual physical control of, a motor vehicle upon a public highway. *Id.* at 266 (citing I.C. § 9–1–1–2(z) (1988)). Because the State had not presented any evidence that Hiegel had actually driven his vehicle, we reversed his conviction for operating a vehicle while intoxicated. *See also Mordacq v. State*, 585 N.E.2d 22, 23–24 (Ind.Ct.App.1992); *Corl v. State*, 544 N.E.2d 211, 212–13 (Ind. Ct.App.1989).

Unlike the authorities relied on by Dorsett, however, here the State did present circumstantial evidence showing that Dorsett had operated his vehicle. Specifically, Sergeant Ferguson testified that Dorsett had told him that, after he had become intoxicated at a friend's party, he had driven to the nearby McDonald's. Sergeant

Ferguson also testified that Dorsett could not have purchased food from the McDonald's without going to the drive-thru because the dine-in area of the restaurant closed at either 11:00 p.m. or midnight, which was before the time-stamp on Dorsett's receipt. A reasonable inference from that testimony is that Dorsett drove his vehicle to the McDonald's drive-thru to purchase food, and then he parked his car in the CVS parking lot. As such, the State presented sufficient evidence to show that Dorsett operated his vehicle while intoxicated. *See Jones,* 783 N.E.2d at 1139.

■ We also briefly note Dorsett's comment on appeal that Sergeant Ferguson's "opinion is not evidence." Appellant's Brief at 11. During his trial, Dorsett did not lodge a proper objection to any of Sergeant Ferguson's testimony, and he does not here challenge the admissibility of the State's evidence. Rather, Dorsett's arguments amount to a request for this court to credit his testimony over Sergeant Ferguson's, even though the trial court expressly discredited Dorsett's testimony and found Sergeant Ferguson to be credible. We cannot reconsider the trial court's assessment of the credibility of the parties' evidence. *See Jones,* 783 N.E.2d at 1139.

■ Nonetheless, while the State did present sufficient evidence that Dorsett operated his vehicle while intoxicated, to convict Dorsett of a Class A misdemeanor the State was also required to show that Dorsett's operation of that vehicle "endanger[ed] a person." I.C. § 9–30–5–2(b). The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Staley v. State,* 895 N.E.2d 1245, 1249 (Ind.Ct.App.2008) (citing *Blinn v. State,* 677 N.E.2d 51, 54 (Ind.Ct.App.1997)), *trans. denied.* Endangerment does not

require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.* at 1251 (citing *State v. Krohn,* 521 N.E.2d 374, 377 (Ind.Ct.App. 1988)).

■ To prove endangerment, the State here relied on its evidence that Dorsett was intoxicated. The State cannot claim that this same evidence proves the additional element of endangerment. *Outlaw v. State,* 918 N.E.2d 379 (Ind.Ct.App., 2009). In 2001, the General Assembly substantially altered the OWI statutes by redefining intoxication and establishing two separate misdemeanor classes for operating a vehicle while intoxicated. *Id.* (citing I.C. § 9–13–2–86; P.L. 175–2001 § 1 (eff. July 1, 2001); I.C. § 9–30–5–2; P.L. 175–2001 § 6 (eff. July 1, 2001)). The effect of those changes was to remove the "endangerment" requirement from the general definition of intoxication and create the new offense of Class C misdemeanor OWI without an endangerment requirement. *Id.* The statutes retained the Class A misdemeanor OWI offense, which requires a showing of endangerment. *Id.* Indiana Code Section 9–30–5–2(b) now states, "An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." *Id.* By definition, the current statute requires more than intoxication to prove endangerment. *Id.; see, e.g., Vanderlinden v. State,* 918 N.E.2d 642 (Ind.Ct.App., 2009).

We acknowledge that prior decisions of this court have suggested that a showing of intoxication, without more, is adequate to prove endangerment. *See, e.g., Slate v. State,* 798 N.E.2d 510, 515 (Ind.Ct.App. 2003) (stating that "the endangerment element . . . indicates the level of impairment and the extent of lost faculties that must be shown to establish intoxication and to

obtain a conviction"); *Dunkley v. State,* 787 N.E.2d 962, 965 (Ind.Ct.App.2003) ("The endangerment element was further established by [the defendant's impaired] condition."). Insofar as those cases conflate the definition of endangerment with that of intoxication, the amended statutes supplant them and, as such, we do not follow them. *Outlaw,* 918 N.E.2d at 382.

Thus, we hold, following *Outlaw,* that the State was required to submit proof of "endangerment" that went beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor.[2] Here, Dorsett was found intoxicated inside of his parked vehicle, and no evidence other than his intoxication suggests that Dorsett was operating his motor vehicle in a manner that endangered himself or any other person. Hence, the State failed to present sufficient evidence that Dorsett operated his vehicle while intoxicated in a manner that endangered a person, and we must reverse his conviction for the Class A misdemeanor.

However, the trial court also found Dorsett guilty on the Class C misdemeanor allegation of operating while intoxicated, which the court merged with the Class A misdemeanor conviction before entering judgment. *See, e.g., Green v. State,* 856 N.E.2d 703, 704 (Ind.2006) ("a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned."). To show that Dorsett operated a vehicle while intoxicated, as a Class C misdemeanor, the State needed to prove that Dorsett "operate[d] a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol" per 100 milliliters of the person's blood or per 210 liters of the person's breath. I.C. § 9–30–5–1(a). Nothing in our opinion today affects the court's conclusion on the Class C misdemeanor charge. Accordingly, we remand this matter to the trial court with instructions that it vacate Dorsett's Class A misdemeanor conviction and sentence and enter a judgment and an appropriate sentence for the Class C misdemeanor. *See, e.g., Valentin v. State,* 567 N.E.2d 792, 798 (Ind.1991).

Reversed and remanded with instructions.

FRIEDLANDER, J., concurs.

BRADFORD, J., concurs in part and dissents in part with separate opinion.

BRADFORD, Judge, concurring in part and dissenting in part.

While I agree that the State is required to present evidence beyond mere intoxication in order to prove endangerment, I conclude that the State has done so here. As such, I respectfully dissent from the majority's reversal of Dorsett's Class A misdemeanor operating a vehicle while intoxicated conviction.

I concur with my colleagues' conclusion that the State may not rely solely on evidence of intoxication to establish endangerment. I agree that the General assem-

---

2. The dissent acknowledges as much, stating that "the State must do more than show mere intoxication if it wishes to secure a Class A misdemeanor operating a vehicle while intoxicated conviction." Op. at 534. But the dissent then commingles the Class A misdemeanor charge with the Class C misdemeanor charge, stating that "intoxication alone" is sufficient evidence to support a Class A misdemeanor conviction so long as that intoxication is "more than minimal[ ]." *Id.* But the statute as recently amended does not recognize degrees of intoxication and clearly requires more than intoxication to establish endangerment.

bly's decision to amend our operating a vehicle while intoxicated statutes by creating a Class C misdemeanor and shifting "endangerment" from the definition of intoxicated to the Class A statute raises the evidentiary bar somewhat, making it more difficult to obtain Class A misdemeanor drunk driving convictions in Indiana. Still, the law as written is clear, and I find myself in agreement with my colleagues that the State must do more than show mere intoxication if it wishes to secure a Class A misdemeanor operating a vehicle while intoxicated conviction.

That said, I believe the State has cleared that hurdle here, because it presented ample evidence that Dorsett was much more than minimally intoxicated and that his operation of the vehicle created a risk of endangerment. In my view, a factfinder should be free to conclude, based on a high level of intoxication alone, that a driver endangered himself or others when he operated a vehicle, even if no direct evidence of dangerous operation was presented. Sergeant Ferguson found Dorsett slumped over the steering wheel of his car in the middle of a parking lot with his lights on and the motor running. It took thirty seconds of banging on the car window and oral hailing before Dorsett responded to Sergeant Ferguson. Once roused, Dorsett was speaking slowly, had red eyes, and had a strong odor of alcoholic beverage about him. Dorsett failed a field sobriety test and his blood alcohol concentration was tested at 0.12 percent. A reasonable conclusion to be drawn from this evidence is that Dorsett was so drunk that he was not even capable of maneuvering his car to a parking space or turning the engine or lights off before passing out in the middle of the CVS parking lot, slumped over the steering wheel. It is fortunate that Dorsett did not injure himself or another when he was operating his vehicle shortly before passing out, but it seems clear that anyone operating a vehicle in his condition poses a serious threat to public safety. In addition, it is equally plausible that Dorsett could have unintentionally placed his car into gear in his drunken, passed-out state. Concluding that the State produced sufficient evidence to support a finding of endangerment, I would affirm Dorsett's conviction for Class A misdemeanor operating a vehicle while intoxicated.