**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 02 2012, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERNARD O. TIDEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 66A05-1110-CR-560 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PULASKI SUPERIOR COURT
The Honorable Patrick B. Blankenship, Judge
Cause No. 66D01-1103-CM-36

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Bernard O. Tidey spent the evening drinking at a bar. As he was driving home from the bar, he attempted to make a left turn just ten feet in front of an oncoming vehicle, causing the driver of the other vehicle to slam on her brakes. Tidey drove into a ditch. He was charged with and convicted of class A misdemeanor operating a vehicle while intoxicated ("OWI") in a manner that endangers a person. He appeals, arguing that there is insufficient evidence that he drove in a manner that endangered a person. We conclude that the evidence is sufficient to establish endangerment and affirm his conviction.

**Facts and Procedural History**[1]

On the evening of March 5, 2011, Tidey drank alcohol at a bar for about five and a half hours. Tidey left the bar around 10:00 p.m. and drove home going northbound on U.S. Route 421 in Pulaski County. Jena Wireman was driving southbound on Route 421 accompanied by her friend, Allison Scott. Wireman saw Tidey's vehicle approaching from the opposite direction. When Tidey was just ten feet from Wireman, he turned left directly in front of her. Wireman was surprised, slammed on her brakes, and exclaimed "[H]oly crap." Tr. at 168. Tidey missed the side road he was attempting to turn onto by about five feet and drove into a ditch. Scott called 911. Wireman heard Tidey pounding on the inside of his

---

[1] The record before us does not contain a table of contents in violation of Indiana Appellate Rule 28(A)(8), which provides that the record on appeal shall contain "a table of contents listing each witness and the volume and page where that witness' direct, cross, and redirect examination begins" and "identify each exhibit offered" and "show the Transcript volumes and pages at which the exhibit was identified and at which a ruling was made on its admission in evidence." In addition, the record before us contains several volumes that are incorrectly labeled. "Volume 3 of 3," numbered as though part of the trial transcript, actually contains the trial exhibits but is not so labeled. "Volume 2 of 2 Exhibits" contains only the exhibit that the State submitted at Tidey's sentencing hearing.

vehicle, and Wireman and Scott went to help Tidey get out. Tidey's vehicle was lying driver's side down, but Tidey was able to crawl out the vehicle's passenger window. Wireman and Scott both detected the odor of alcohol emanating from Tidey.

Indiana State Police Master Trooper Rick Hudson arrived at the scene about five minutes after Scott's 911 call. Trooper Hudson noticed that Tidey smelled of alcohol, his eyes were bloodshot and glassy, his speech was slurred, and he exhibited poor manual dexterity as he tried to remove his license from his wallet. Tidey failed the horizontal gaze nystagmus test. A BAC Datamaster breath test showed that his alcohol concentration level was .11.

On March 23, 2011, the State charged Tidey with class A misdemeanor OWI in a manner that endangers a person, class C misdemeanor operating a vehicle with an ACE of .08 or more, and a class D infraction making an improper turn at an intersection. A jury found Tidey guilty of the two criminal charges and liable for the infraction. The trial court merged the guilty verdicts for the criminal convictions and entered judgment of conviction for class A misdemeanor OWI in a manner that endangers a person. Tidey appeals.

### Discussion and Decision

Tidey argues that there is insufficient evidence to establish that he operated his vehicle in a manner that endangers a person. In reviewing a claim of insufficient evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied* (2010). We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom.

3

*Staley v. State*, 895 N.E.2d 1245, 1250 (Ind. Ct. App. 2008), *trans. denied* (2009). If there is substantial evidence of probative value such that a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm. *Dorsett v. State*, 921 N.E.2d 529, 531 (Ind. Ct. App. 2010).

To convict Tidey of class A misdemeanor OWI, the State had to prove beyond a reasonable doubt that Tidey "operate[d] a vehicle in a manner that endanger[ed] a person." Ind. Code § 9-30-5-2(b). The element of endangerment is satisfied if the evidence established that the defendant was operating his or her vehicle in a manner that endangered "any person, including the public, the police, or the defendant." *Vanderlinden*, 918 N.E.2d at 644.

Tidey argues that when he made the left turn in front of Wireman's vehicle, he merely made a mistake "on a dark, unfamiliar road at night," which "should not be sufficient to establish the endangerment element because the result would be that one driving mistake or miscue would serve to enhance an offense." Appellant's Br. at 6. We disagree. Tidey turned left ten feet in front of Wireman, at night, causing her to slam on her brakes, and he ended up in a ditch. Tidey's driving "mistake" undoubtedly put the safety and well-being of Wireman and Scott, as well as himself, at risk, and therefore he was driving in a manner that

4

endangered a person.[2] *See Vanderlinden*, 918 N.E.2d at 646 (concluding that driving fifty-one miles per hour in a thirty-five-mile-per-hour zone is sufficient to show endangerment); *Staley*, 895 N.E.2d at 1251 (concluding that driving fifty-five miles-per-hour in a forty-five-mile-per-hour zone without his lights established endangerment); *Boyd v. State*, 519 N.E.2d 182, 184 (Ind. Ct. App. 1988) (concluding that evidence that defendant was driving fifty-four miles per hour, at night, in a thirty-mile-per-hour zone established endangerment); *cf. Temperly v. State*, 933 N.E.2d 558, 568 (Ind. Ct. App. 2010) (concluding that evidence was insufficient to establish endangerment where defendant was involved in a fatal accident, of which he was *not* the cause, and other driver who drove his vehicle into path of defendant's vehicle had been observed driving erratically), *trans. denied* (2011); *Outlaw v. State*, 918 N.E.2d 379, 382 (Ind. Ct. App. 2009) (concluding that evidence of endangerment was

---

[2] In *Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011), *trans. denied*, a majority of the panel found that the arresting officer's testimony that he saw Staten drive his vehicle left of center line and through a three-way stop sign without stopping or slowing down was "sufficient to prove that he was operating a vehicle in a manner that *could* endanger the public, the police, or himself." (Emphasis added.) The author of this opinion disagreed with the majority, stating that "the plain language of the statute requires the State to prove that a defendant operated his vehicle in a manner that *actually* endangered a person." *Id*. at 87 (Crone, J., dissenting). In the case at bar, Tidey operated his vehicle in a manner that actually endangered three people. As for Tidey's assertion that any driving mistake would constitute endangerment and therefore enhance all OWI convictions to class A misdemeanors, the following remarks from the *Staten* dissent seem particularly relevant,

> proof of actual endangerment must consist of something more than prima facie evidence of unlawful driving. Otherwise, any intoxicated person who committed a traffic violation of any kind, no matter how minor, could be convicted of class A misdemeanor OWI, which strikes me as contrary to the intent of our legislature.

> This is not to say that evidence regarding a person's intoxication or evidence that a person committed a traffic infraction would be irrelevant in proving endangerment, but only that the determination of endangerment should be fact-sensitive and dependent upon all the relevant circumstances of a particular case.

*Id*. at 88 (Crone, J., dissenting).

insufficient where State failed to present any evidence of erratic or unlawful driving), *adopted by* 929 N.E.2d 196 (2010). Tidey's "mistake" does not present even a close case. We conclude that there is sufficient evidence that Tidey operated his vehicle while intoxicated in a manner that endangered a person. Accordingly, we affirm his class A misdemeanor OWI conviction.

Affirmed.

MAY, J., and BROWN, J. concur.