**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 12 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOCELYN ALLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-CR-1053 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William Nelson, Judge
Cause No. 49F07-1109-CM-66410

**July 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jocelyn Allen appeals her conviction for Class A misdemeanor operating a vehicle while intoxicated ("OWI") in a manner that endangered a person. We affirm in part and remand in part.

## Issue

Allen raises one issue on appeal, which we restate as whether there was sufficient evidence to support her conviction.

## Facts

On the night of September 15, 2011, at approximately 10 p.m. Officer Erik Forestal of the Indianapolis Metropolitan Police Department ("IMPD") observed a Ford Taurus traveling northbound on California Street without its headlights turned on. Officer Forestal activated his emergency lights and siren to conduct a traffic stop. Officer Forestal followed the Ford Taurus for three blocks. Officer Forestal observed the vehicle for the entirety of the pursuit and, at no point, did the driver activate the headlights of the vehicle. After three blocks the vehicle stopped, and Allen got out of the car.

Allen attempted to walk away from the vehicle, but she stumbled. Officer Forestal observed that Allen had bloodshot eyes and slurred speech, and he detected the odor of alcohol. When Officer Forestal asked Allen for her identification, she became hostile and began to yell. Allen ignored Officer Forestal's repeated requests to remain calm. When Officer Forestal frisked Allen, he found a tequila bottle in her pocket.

2

Additional IMPD officers arrived at the scene of the traffic stop and found Allen leaning on her vehicle for support. Alcoholic beverage containers were in the front seat of Allen's vehicle. She failed three field sobriety tests. When a chemical breath test was administered, she tested 0.11.

On September 16, 2011, the State charged Allen with Count I, OWI in a manner that endangered a person as a Class A misdemeanor, and Count II, OWI as a Class C misdemeanor. Allen was found guilty of both counts after a bench trial. Trial court entered judgment for Counts I and II and then merged Count II with Count I. The trial court failed to vacate the original conviction for Count II. Allen now appeals.

**Analysis**

Allen argues that there is insufficient evidence to establish that she operated a vehicle in a manner that endangered a person. When reviewing the sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences that support the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." Id. When conflicting evidence is present, we consider it in a light most favorable to the conviction. Id. If there is substantial evidence such that a reasonable trier of fact could find that the defendant was guilty beyond a reasonable doubt, we will affirm. Dorsett v. State, 921 N.E.2d 529, 531 (Ind. Ct. App. 2010).

3

In order to convict Allen of Class A misdemeanor OWI, the State was required to prove that she operated a vehicle while intoxicated in a manner that endangered a person. See Indiana Code § 9-30-5-2(b). "Intoxicated" is defined as being under the influence of alcohol or another substance "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9-13-2-86. "Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." Vanderlinden v. State, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), trans. denied.

There was sufficient evidence to prove that Allen was intoxicated when she was questioned by Officer Forestal and the other officers. Allen satisfied all of the factors indicating impairment. She had impaired attention and reflexes, bloodshot eyes, unsteady balance, and slurred speech. She failed three field sobriety tests, and Officer Forestal noticed the odor of alcoholic beverages on her breath. A chemical breath test revealed that Allen's blood alcohol content was 0.11.

Allen's main argument is that there was insufficient evidence to prove that she endangered herself or others by her operation of the vehicle. The endangerment element is satisfied if the evidence establishes that the defendant was operating his or her vehicle in a manner that endangered "any person, including the public, the police, or the defendant." Vanderlinden, 918 N.E.2d at 644; see Outlaw v. State, 918 N.E.2d 379 (Ind.

4

Ct. App. 2009) (finding that more than proof of intoxication is required to evidence endangerment and that a missing license plate light was insufficient to evidence endangerment), opinion adopted by Outlaw v. State, 929 N.E.2d 196 (Ind. 2010). Allen claims that her actions did not pose a danger to anyone at the time because there was no one else on the street. This is an incorrect interpretation of the endangerment clause. The State need not prove that any other person other than the defendant was in the path of the vehicle or in the same area in order to obtain a conviction. Staley v. State, 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008) (citing State v. Krohn, 521 N.E.2d 374, 377 (Ind. Ct. App. 1988)), trans. denied.

The State presented sufficient evidence that Allen's operation of her vehicle endangered others or herself. Indiana Code Section 9-21-7-2 provides that a driver is required to display lighted headlamps at all times between sunset and sunrise. Allen was operating her vehicle illegally by not activating her headlights at 10 p.m. This illegal operation was unsafe and endangered Allen, other members of the public who might be in the area, and police officers who might be conducting traffic stops. See Staley, 895 N.E.2d at 1251 (finding that operating a vehicle without headlamps endangered the defendant and those around him).

However, we note, as the State noted, that the trial court entered judgment for both convictions and then merged the conviction for Class C misdemeanor operating while intoxicated with Class A misdemeanor operating while intoxicated as a Class A misdemeanor. As recommended by the state, we will remand to the trial court for the

5

sole purpose of vacating the conviction for Class C misdemeanor operating while intoxicated. See Eberle v. State, 942 N.E.2d 848, 862 (Ind. Ct. App. 2011), trans. denied (finding double jeopardy in a situation in which the trial court failed to vacate conviction for Class C misdemeanor after it had been merged with Class A misdemeanor of which defendant was later convicted).

**Conclusion**

There is sufficient evidence to support Allen's conviction for Class A misdemeanor OWI with endangerment. We affirm, and we remand to the trial court for the sole purpose of vacating the conviction for Class C misdemeanor OWI.

Affirmed in part, and remanded in part.

FRIEDLANDER, J., and MAY, J., concur.