Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2014, 10:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN CONCEPCION, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1306-CR-557 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Amy Jones, Judge
Cause No. 49F08-1301-CM-006225

**February 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Juan Concepcion ("Concepcion") was convicted of Class A misdemeanor operating while intoxicated and Class C misdemeanor operating with a blood alcohol content ("BAC") greater than 0.08%. Concepcion appeals and argues that the State failed to present sufficient evidence to support his convictions.

We affirm.

### Facts and Procedure

On January 27, 2013, at 3:09 a.m., Indiana State Police Trooper Jarrin Franklin ("Trooper Franklin") responded to a 911 report of an accident on Interstate 70 in Marion County. When Trooper Franklin arrived at the scene of the accident, he observed Concepcion standing next to his car, speaking with a passer-by who had stopped at the scene and called 911. Concepcion's car was on the left shoulder of the highway, angled diagonally and partially extended into the leftmost lane of the three-lane highway. As Trooper Franklin approached Concepcion, he saw that Concepcion "had very unsteady balance and he had very slurred speech and also had bloodshot, glassy eyes." Tr. p. 9. Concepcion told Trooper Franklin that, as he was traveling on Interstate 70, a tire on his car blew out, causing him to collide with the concrete barrier dividing the eastbound and westbound lanes of the highway. He admitted to Trooper Franklin that he was the driver of the car involved in the collision and that he had been drinking.

Trooper Franklin then administered a horizontal gaze nystagmus ("HGN") test, which Concepcion failed. For safety reasons, because of the proximity of the accident scene to the travelled lanes of the highway and Concepcion's unsteadiness, Trooper Franklin did not administer the "one leg stand" or the "walk and turn" field sobriety tests.

2

Trooper Franklin dispatched an ambulance to the scene to ensure that Concepcion was not injured. After the medics confirmed that Concepcion was uninjured, Trooper Franklin transported Concepcion to the Beech Grove Police Department. As he placed Concepcion in his cruiser, Trooper Franklin noted that Concepcion's clothes smelled of alcohol.

At the police station, Trooper Franklin first administered to Concepcion another HGN test, which Concepcion again failed. Trooper Franklin then initiated the "walk and turn" field sobriety test, but Concepcion refused to complete the test, telling Trooper Franklin that "he was too intoxicated to do that and he didn't want to make himself look bad." Tr. p. 22. Concepcion, however, agreed to take a certified breath test. The breath test was performed at 4:21 a.m., an hour and twelve minutes after Trooper Franklin arrived at the scene of Concepcion's accident. The results of the test indicated that Concepcion's blood alcohol content was .13%.

On January 27, 2013, the State charged Concepcion with Count I, Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person and Count II, Class C misdemeanor operating a vehicle with a blood alcohol level between .08% and .15%. A bench trial was held on May 31, 2013. The trial court found Concepcion guilty of both counts and sentenced him to concurrent sentences of 365 days on Count I, with two days executed and 363 days suspended to probation, and sixty days on Count II, with two days executed and fifty-eight days of Concepcion's sentence suspended to probation.

Concepcion now appeals.

**Discussion and Decision**

Concepcion argues that the evidence presented by the State is insufficient to support his convictions. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

**I. Operating While Intoxicated**

Concepcion first argues that the evidence was insufficient to prove that he operated his vehicle while he was intoxicated. Class A misdemeanor operating a vehicle while intoxicated occurs when a person operates a motor vehicle while intoxicated in a manner that endangers a person. Ind. Code § 9-30-5-2. A person is intoxicated when under the influence of alcohol "such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Id.; Ind. Code § 9-13-2-86(1). The State must establish impairment regardless of the defendant's blood alcohol concentration. Fields v. State, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008). Impairment may be established by evidence of: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of

4

alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." Stephens v. State, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013).

Concepcion claims that the State failed to prove "the temporal element of the offense" because "the record is void of evidence that Concepcion was observed in an intoxicated condition immediately after the accident." Appellant's Br. at 6. To support his argument, Concepcion cites Trooper Franklin's admission at trial that it was possible that Concepcion's accident had occurred hours before Trooper Franklin arrived at the scene.

The evidence most favorable to the judgment indicates that, upon arriving at the scene of the accident, Trooper Franklin saw Concepcion standing next to his car and talking with the same witness who had called 911 to report the collision. Trooper Franklin observed that Concepcion had unsteady balance, bloodshot, glassy eyes, and slurred speech, and that he smelled of alcohol. Concepcion admitted to Trooper Franklin that he had been drinking and that he was the driver of the car involved in the collision. Trooper Franklin testified that, while it was possible that Concepcion's accident had occurred hours before Trooper Franklin arrived at the scene, "[d]ue to the. . . busyness of the interstate, I don't think it would've passed for hours" before a witness called 911 to report the accident. Tr. p. 27.

Therefore, taken as a whole, the evidence establishes that Concepcion had watery or bloodshot eyes and unsteady balance, that he smelled of alcohol, that he failed two field sobriety tests and refused to perform a third, and that his BAC was .13% at 4:21 a.m. The trial court was entitled to "draw reasonable inferences from facts" established

5

by this evidence. Smith v. State, 547 N.E.2d 845, 846 (Ind. 1989) (quoting McCann v. State, 466 N.E.2d 421, 423 (Ind. 1984)).

Although Concepcion asserts that the State failed to prove the temporal element of the crime, in light of the evidence admitted during the trial of this case, it was not unreasonable for the trial court to conclude that Concepcion operated his vehicle while he was intoxicated. See id. (concluding that evidence that a witness saw the defendant driving erratically and hit her mailbox and that the defendant's blood alcohol content was high three hours later was sufficient evidence to allow the jury to deduce that the defendant was intoxicated when he struck the mailbox.); see also Stephens, 992 N.E.2d at 938 (holding that evidence that defendant had unsteady balance, watery, bloodshot eyes, the odor of alcohol on his breath, failed three field sobriety tests, along with a chemical breath test result of .10% was sufficient to support conviction for operating while intoxicated.).

The evidence most favorable to the judgment is sufficient to support the trial court's finding that Concepcion operated his vehicle while he was intoxicated. Concepcion's argument to the contrary amounts to an invitation to reweigh evidence and judge witness credibility, which we may not do.

## II. Endangerment

Concepcion next argues that the State failed to prove the element of endangerment necessary to elevate the conviction from Class C to Class A misdemeanor operating while intoxicated. Evidence of intoxication, alone, is insufficient to prove endangerment. Dorsett v. State, 921 N.E.2d 529, 532 (Ind. Ct. App. 2010). The State must establish

6

endangerment by proving that "the defendant was operating the vehicle in a condition or manner that could have endangered any person, including the public, the police, or the defendant." Staten v. State, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011), trans. denied.

Concepcion argues that, because his car's tire blew out and forced him onto the shoulder of the highway, "there is no evidence suggesting his manner of driving caused the accident." Appellant's Br. at 8. He claims that his accident was "a result of factors beyond [his] control," rather than a result of his intoxication. Id.

Evidence of Concepcion's intoxication alone is insufficient to prove endangerment. See Dorsett, 921 N.E.2d at 532. However, in light of the evidence admitted during the trial of this case, it was not unreasonable for the trial court to find that Concepcion's intoxication caused danger to himself or to others. Even if Concepcion's damaged tire caused his collision with the highway barrier, he was driving while intoxicated on a busy interstate highway and, as the trial court noted, "someone who's not intoxicated might be able to more appropriately respond to a tire being blown and . . . thankfully [he] didn't take out three lanes of cars or kill himself when he crashed[.]" Tr. p. 33. The facts of this case support a reasonable inference that Concepcion's ability to control his car when his tire blew out was impaired due to his intoxication, which endangered his life as well as the lives of other motorists. See Vanderlinden v. State, 918 N.E.2d 642, 646 (Ind. Ct. App. 2009) (holding that evidence of speeding alone can satisfy endangerment element necessary to elevate OWI offense to a Class A misdemeanor.). Concepcion's argument is merely an invitation to reweigh the evidence, which we will not do. Therefore, we conclude that the evidence presented by

7

the State was sufficient to support Concepcion's conviction for Class A misdemeanor operating while intoxicated.

### III. Blood Alcohol Content Greater Than .08%

Finally, Concepcion contends that insufficient evidence was presented to support his conviction for operating a vehicle while intoxicated with a blood alcohol content between .08% and .15%. To convict Concepcion of this offense, the State was required to prove that Concepcion operated a vehicle with a BAC level of at least .08% but less than .15%. Ind. Code § 9-30-5-1(a). If the evidence establishes that a chemical test was performed within three hours after the officer obtained probable cause to believe that an offense had occurred and the defendant had a BAC of at least .08, the trier of fact shall presume that the defendant had a BAC of at least .08 at the time he operated the vehicle. Ind. Code § 9-30-6-2(c); Ind. Code § 9-30-6-15(b). This presumption may be rebutted. Ind. Code § 9-30-6-15(b).

Concepcion argues that, because the State failed to establish the precise time of the accident, it could not "establish [that] the certified breath test was administered within three hours of the alleged violation." Appellant's Br. at 10. Thus, Concepcion claims, the State was "not permitted to rely on the statutory presumption." Id.

Here, the record reveals that Trooper Franklin responded to the scene of Concepcion's accident after a witness called 911. When Trooper Franklin arrived at the scene, the witness who had called 911 was still at the scene. Trooper Franklin testified that the highway was so busy at the time that he did not believe hours would have passed before a witness called 911 to report the accident. Concepcion admitted to Trooper

8

Franklin that he had been drinking and driving. Trooper Franklin personally observed that Concepcion had bloodshot eyes, slurred speech, and unsteady balance and that he smelled of alcohol. Concepcion failed two HGN tests and a certified breath test administered about an hour and twelve minutes after Trooper Franklin arrived at the accident scene revealed a blood alcohol content of .13%. Given these facts, it was reasonable for the trial court to infer that the chemical breath test was administered within three hours of Concepcion's operation of his vehicle. Indeed, if anything, any alleged passage of time between the accident and the certified breath test worked to reduce the blood alcohol content reported. Concepcion's argument here is a request to reweigh the evidence, which we will not do. Therefore, we conclude that the State presented evidence sufficient to sustain Concepcion's conviction.

## Conclusion

For all of these reasons, we conclude that the State presented sufficient evidence to support Concepcion's convictions for Class A misdemeanor operating while intoxicated and Class C misdemeanor operating with an alcohol concentration equivalent greater than .08%.

Affirmed.

BRADFORD, J., and PYLE, J., concur.