**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 29 2014, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANCE STOVER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-507 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
The Honorable Christina Klineman, Judge *Pro Tempore*
Cause No. 49F10-1211-CM-77431

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Lance Stover appeals his conviction of Operating a Vehicle While Intoxicated,[1] a class A misdemeanor, challenging the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts favorable to the judgment are that Indiana State Police Officer Christopher Townsend was dispatched to the scene of a single-vehicle accident at approximately 10:15 p.m. on November 17, 2010. While on his way to the scene, Officer Townsend was advised that the vehicle involved in the accident was then "traveling northbound on the shoulder with heavy front-end damage." *Transcript* at 9-10. When he arrived on the scene, Officer Townsend observed a white SUV with significant front-end damage traveling at approximately thirty to thirty-five miles per hour on the right shoulder of the road. In addition to the damage on the front right portion of the vehicle, the right front tire was flat and on the rim, although the vehicle was still being operated.

Officer Townsend pulled behind the vehicle and activated his emergency lights. After the vehicles had stopped and as Officer Townsend approached the SUV, the driver of the vehicle, later identified as Stover, got out of his vehicle and approached the officer. Officer Townsend asked what had happened and Stover responded that a vehicle had cut him off while he was traveling northbound on the highway and caused him to run off the road. When Officer Townsend asked for details about the incident and the other vehicle allegedly involved, Stover was unable to provide them. At this point, Officer Townsend noted that

---

1 Ind. Code Ann. § 9-30-5-2 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

Stover's speech was slurred and his eyes were glassy and bloodshot. Stover also was unsteady on his feet, and he could not "maintain a consistent composure level of conversing." *Id*. at 17.

Based upon his experience, Officer Townsend suspected that Stover was intoxicated. Therefore, he administered several field-sobriety tests, including the horizontal-gaze nystagmus, the walk-and-turn, and the one-legged stand. Stover failed all three tests. Officer Townsend asked Stover if he had been drinking that evening, and Stover replied that he had not. He offered, however, that he "smoked a joint prior to traveling to wherever he was headed[.]" *Id.* at 28. Believing that Stover was intoxicated, Officer Townsend read Stover his implied consent rights and Miranda rights, after which Stover submitted to a chemical test. Stover was ultimately charged with three offenses, including operating while intoxicated with endangerment, as a class A misdemeanor, operating a vehicle with a Schedule I or Schedule II controlled substance, as a class C misdemeanor, and violation of lane rules. Following a bench trial, Stover was found guilty of OWI with endangerment and violating lane rules.

Stover contends the evidence was not sufficient to sustain his conviction for OWI with endangerment. In order to convict Stover of operating a vehicle while intoxicated as a class A misdemeanor, the State was required to prove that he: 1) operated a motor vehicle; 2) while intoxicated; 3) in a manner that endangered a person. I.C. § 9-30-5-2. Stover contends the State failed to prove that he was impaired and failed to prove the element of

3

endangerment.  Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.

*Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (some citations omitted).

Stover first claims that the evidence of intoxication was insufficient.  He contends that the indicia of intoxication that Officer Townsend observed in Stover could have been the result of something other than intoxication.  He states: "There are many reasons why a person would have bloodshot eyes, be confused and unsteady after being in a serious vehicle crash. Any signs of impairment that Mr. Stover may or may not have shown could have been caused by the act of being in an accident." *Appellant's Brief* at 9.  Stover is correct – there *could* have been alternate explanations for the physical symptoms that Officer Townsend observed that evening.  This is not to say, however, that the trial court was compelled to accept them.

Ind. Code Ann. § 9-13-2-86 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014) defines intoxication as being under the influence of alcohol, a controlled substance, or a drug other than alcohol or a controlled substance "so that there is an impaired condition of

4

thought and action and the loss of normal control of a person's faculties." Impairment may be established by evidence of the following: "(1) [T]he consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013) (quoting *Williams v. State,* 989 N.E.2d 366, 369 (Ind. Ct. App. 2013)).

Officer Townsend testified that Stover was unsteady on his feet, his speech was slurred, he had watery and bloodshot eyes, and he failed three field-sobriety tests. The fact that it cannot be utterly excluded from the realm of possibility that these conditions and behaviors were caused by something other than intoxication does not invalidate a finding that intoxication was indeed the cause. The trial court's determination from this evidence that Stover was intoxicated on the night of the incident finds ample support in the evidence and we will not disturb it.

Stover next claims that the evidence was not sufficient to prove the element of endangerment. In order to prove the element of endangerment that is necessary to elevate an OWI offense to a class A misdemeanor, the State is required to prove more than mere intoxication. *See Outlaw v. State,* 918 N.E.2d 379 (Ind. Ct. App. 2009), *adopted and incorporated by reference by* 929 N.E.2d 196 (Ind. 2010). Endangerment can be proven by evidence demonstrating that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant himself. *Dorsett v.*

*State,* 921 N.E.2d 529 (Ind. Ct. App. 2010). The evidence in the present case clearly satisfies this standard.

We begin by noting that this incident began, by Stover's own admission, when his vehicle struck a guardrail. At a minimum, this clearly endangered Stover. Moreover, when Officer Townsend first came upon him, Stover was driving a significantly damaged vehicle along the shoulder of an interstate highway at night, traveling at only thirty to thirty-five miles per hour, and doing so with the right front tire flat and the vehicle traveling on the right-front rim. In this condition and under those circumstances, Stover's continuing operation of the vehicle endangered both him and other motorists traveling on that road. The evidence was easily sufficient to prove the element of endangerment.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.