## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2017, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Ross,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 16, 2017

Court of Appeals Case No.
49A05-1608-CR-1804

Appeal from the Marion Superior Court.
The Honorable David M. Hooper, Magistrate.
Cause No.49G12-1509-CM-34269

**Sharpnack, Senior Judge**

# Statement of the Case

Donald Ross appeals his conviction of operating a vehicle while intoxicated endangering a person, a Class A misdemeanor.[1] He contends that there was insufficient evidence to support his conviction. We affirm.

# Issue

Ross raises one issue for review, which we restate as whether the State presented sufficient evidence to support his conviction for operating a vehicle while intoxicated endangering a person.

# Facts and Procedural History

On September 25, 2015, a car accident occurred, involving a pedestrian and resulting in a fatality. The scene of the accident was in Indianapolis, on Southport Road, near the intersection of Emerson Avenue. At the scene, there were at least ten police vehicles with emergency lights activated, fire trucks, and personnel from a major news media network. Yellow police tape was placed around the perimeter of the accident scene.

Near the intersection of Emerson Avenue and Southport Road, several yards east of the accident scene and the police tape, two police officers had parked their vehicles, with emergency lights flashing, in the traffic lanes to prevent traffic from travelling westbound on Southport Road. The officers were

---

[1] Ind. Code § 9-30-5-2(b) (2001).

standing by their vehicles. The officers left a narrow lane between one police car, the shoulder and the grass to allow emergency personnel access to the accident scene.

[5] Around 3:30 a.m., Ross was driving south on Emerson Avenue. He turned right (westbound) onto Southport Road and into the narrow lane created by the officers. The officers waved at him to stop as he drove past. Tr. p. 52. Ross continued to drive his vehicle until he reached the barrier created by the police tape. He then stopped his vehicle and remained inside.

[6] One of the officers entered his vehicle and drove to where Ross had stopped. He then exited his vehicle, approached Ross's vehicle, and asked Ross for his license and registration. Ross handed the officer his license. Instead of handing the officer his registration, Ross repeatedly attempted to give the officer his automobile insurance card. The officer had to explain multiple times that he did not need Ross's insurance information.

[7] The officer detected an odor of an alcoholic beverage coming from Ross's breath and person. When asked, Ross stated that he had been at a bar celebrating with clients from work, and admitted to having drunk "a couple [of] drinks." *Id*. at 26. Ross agreed to perform standardized field sobriety tests. The tests were administered at the Beech Grove Police Department. Ross failed all three tests – the horizontal gaze nystagmus test, the walk and turn, and the one leg stand.

[8]     Ross was charged with operating a vehicle while intoxicated endangering a person, as a Class A misdemeanor, and operating a vehicle with an alcohol concentration equivalent of .08 or more, as a Class C misdemeanor. A bench trial was held, during which the Class C misdemeanor count was dismissed.[2] Ross was found guilty of the Class A misdemeanor charge. He now appeals.

## Discussion and Decision

[9]     Ross challenges the sufficiency of the State's evidence underlying his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.* In order to prove that Ross operated a vehicle while intoxicated, as a Class A misdemeanor, the State had to show that he "operate[d] a vehicle in a manner that endanger[ed] a person." Ind. Code § 9-30-5-2(b).

[10]    Ross maintains that the State failed to present sufficient evidence that he operated his vehicle in a manner that endangered a person, and, thus, his actual

---

[2] Although the sentencing order indicates that Ross pleaded guilty to operating a vehicle while intoxicated endangering a person, the transcript from the proceeding shows that Ross was found guilty after a bench trial. Tr. pp. 69-71.

innocence is established. The State is "required to submit proof of endangerment that [goes] beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor." *Dorsett v. State*, 921 N.E.2d 529, 533 (Ind. Ct. App. 2010) (internal quotation omitted). The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Id*. at 532. However, endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.*

[11] Officer Lance Rector testified that the two marked police vehicles were blocking both traffic lanes of westbound Southport Road. Only a narrow lane between the edge of the road, the shoulder and the grass was accessible. The vehicles' emergency lights were flashing, and the two officers were standing next to one of the police vehicles. Ross turned onto Southport Road, drove past the officers as they waved at him to stop, and continued driving until he reached the police tape surrounding the accident scene and could travel no farther. Beyond the tape, over 100 people were present, including law enforcement, emergency responders, media, and members of the public.

[12] Officer Rector further testified that when he approached Ross's vehicle, he observed that Ross's eyes were red and watery and that he could smell the odor of an alcoholic beverage emanating from Ross's vehicle and his person. The officer asked Ross multiple times for his vehicle registration, but Ross kept

trying to give the officer proof of insurance. Ross admitted that he had been drinking that evening, and later failed field sobriety tests.

[13] In short, in an intoxicated state, Ross drove his vehicle down a narrow lane, very close to two uniformed police officers. He ignored the officers and their vehicles with lights illuminated, and continued driving up to an accident scene that contained over 100 people. Based upon the foregoing, we find that the State presented sufficient evidence to support the trial court's conclusion that Ross operated his vehicle in a manner that endangered others.

# Conclusion

[14] For the reasons stated above, the judgment of the trial court is affirmed.

[15] Affirmed.

Bradford, J., and Brown, J., concur.