Curtis OUTLAW, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0904–CR–340.

Court of Appeals of Indiana.

Dec. 18, 2009.

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In this appeal, Curtis Outlaw asserts that the State failed to present sufficient evidence to support his conviction of operating a vehicle while intoxicated, as a Class A misdemeanor. We reverse.[1]

### FACTS AND PROCEDURAL HISTORY

On January 7, 2009, Indianapolis Metropolitan Police Department Officer Joel Anderson initiated a traffic stop of a vehicle that lacked a properly illuminated license plate. Outlaw was driving that vehicle, which had three other occupants. Upon approaching the driver's window, Officer Anderson noticed that both Outlaw's car and breath smelled of alcohol. Outlaw also had bloodshot eyes and slurred speech. Officer Anderson placed Outlaw in custody, Mirandized him, and asked him if he had had anything to drink that night. Outlaw responded that "he had had one or two beers." Transcript at 16. The officer then administered a portable breath test, which indicated the presence of alcohol on Outlaw's breath.

Officer Anderson escorted Outlaw to "roll call ... to conduct field sobriety tests." *Id.* at 12. The officer administered three field sobriety tests, all of which Outlaw failed. Officer Anderson then gave Outlaw a copy of Indiana's Implied Consent Law for Outlaw to review and also read that law to him, and Outlaw agreed to take a certified breath test. However, Outlaw twice failed to produce a sufficient breath sample. Officer Anderson then arrested Outlaw.

On January 8, the State charged Outlaw with operating a vehicle while intoxicated, as a Class A misdemeanor, and public intoxication, a Class B misdemeanor. The court held a bench trial on March 25, after which it found Outlaw guilty as charged. The court merged the convictions and entered judgment for operating a vehicle while intoxicated and sentenced Outlaw accordingly. This appeal ensued.

### DISCUSSION AND DECISION

■ Outlaw contends that the State failed to present sufficient evidence to support his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reason-

---

1. On November 30, 2009, we handed down a memorandum decision affirming Outlaw's conviction. However, prior to certification of that decision, on December 9 we withdrew and vacated that decision on our own motion. This opinion fully supersedes and replaces the prior decision of this court, and the parties will have the opportunity to petition this court for rehearing or petition our Supreme Court for transfer, if they so choose, in accordance with our appellate rules commencing on the date of handdown for this opinion.

able inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.* To convict Outlaw of operating a motor vehicle while intoxicated, as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that Outlaw "operate[d] a vehicle while intoxicated ... in a manner that endanger[d] a person." Ind.Code § 9–30–5–2(b).

■ Outlaw first asserts that the State failed to prove that he was intoxicated. Indiana Code Section 9–13–2–86 defines intoxication in pertinent part as under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Impairment can be established by evidence of the following: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech." *Fought v. State*, 898 N.E.2d 447, 451 (Ind.Ct.App. 2008).

Here, the evidence submitted by the State demonstrated that, at the time of his arrest, Outlaw had bloodshot eyes, the odor of alcohol on his breath, and slurred speech. Further, Officer Anderson administered a portable breath test and three field sobriety tests, all of which Outlaw failed. Outlaw also twice failed to produce a sufficient breath sample to properly complete a certified breathalyzer test. And Outlaw admitted that he had had at least one or two beers before he operated his motor vehicle. Thus, the State presented sufficient evidence that Outlaw was intoxicated. *See id.* Outlaw's assertions to the contrary on appeal are merely requests for

this court to reweigh the evidence, which we will not do. *See Jones*, 783 N.E.2d at 1139.

■ Second, Outlaw contends that the State failed to present any evidence on the element of endangerment, which is the element necessary to elevate the conviction from a Class C to a Class A misdemeanor. The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Staley v. State*, 895 N.E.2d 1245, 1249 (Ind.Ct.App.2008) (citing *Blinn v. State*, 677 N.E.2d 51, 54 (Ind.Ct.App.1997)), *trans. denied.* Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.* at 1251 (citing *State v. Krohn*, 521 N.E.2d 374, 377 (Ind.Ct.App. 1988)).

To prove endangerment, the State here relied on its evidence that Outlaw was intoxicated. *See* Appellee's Brief at 8–9. The State cannot claim that this same evidence proves the additional element of endangerment. In 2001, the General Assembly substantially altered the OWI statutes by redefining intoxication and establishing two separate misdemeanor classes for operating a vehicle while intoxicated. I.C. § 9–13–2–86; P.L. 175–2001 § 1 (eff. July 1, 2001); I.C. § 9–30–5–2; P.L. 175–2001 § 6 (eff. July 1, 2001). The effect of those changes was to remove the "endangerment" requirement from the general definition of intoxication and create the new offense of Class C misdemeanor OWI without an endangerment requirement. The statutes retained the Class A misdemeanor OWI offense, which requires a showing of endangerment. Indiana Code Section 9–30–5–2(b) now states, "An offense described in subsection (a) is a Class

A misdemeanor if the person operates a vehicle in a manner that endangers a person." By definition, the current statute requires more than intoxication to prove endangerment. *See, e.g., Vanderlinden v. State,* 918 N.E.2d 642, 2009 WL 4891905 (Ind.Ct.App. Dec., 18, 2009).

We acknowledge that prior decisions of this court have suggested that a showing of intoxication, without more, is adequate to prove endangerment. *See, e.g., Slate v. State,* 798 N.E.2d 510, 515 (Ind.Ct.App. 2003) (stating that "the endangerment element . . . indicates the level of impairment and the extent of lost faculties that must be shown to establish intoxication and to obtain a conviction"); *Dunkley v. State,* 787 N.E.2d 962, 965 (Ind.Ct.App.2003) ("The endangerment element was further established by [the defendant's impaired] condition."). Insofar as those cases conflate the definition of endangerment with that of intoxication, the amended statutes supplant them and, as such, we do not follow them.

Thus, we hold that the State was required to submit proof of "endangerment" that went beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor. Here, the traffic stop of Outlaw's vehicle was based on a non-illuminated license plate rather than erratic or unlawful driving, and no evidence other than the intoxication suggests that Outlaw was operating his motor vehicle in a manner that would endanger himself, his three passengers, or any other person.[2] Indeed, the State concedes that "there is no evidence that [Outlaw] operated his vehicle in an unsafe manner. . . ." Appellee's Brief at

8. Hence, the State failed to present sufficient evidence that Outlaw operated his vehicle while intoxicated in a manner that endangered a person, and we must reverse his conviction.

Reversed.

KIRSCH, J., and BARNES, J., concur.

---

2. The State also suggests that, because Outlaw did not pull his vehicle over for one or two blocks after Officer Anderson activated his emergency lights, Outlaw's "slow response could have created a danger to the officer." Appellee's Brief at 8. Outlaw's response is not equivalent to dangerous driving and we therefore do not consider it sufficient evidence of the element of endangerment.