**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2013, 6:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADLEY T. STEIDLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A04-1212-CR-623 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-1106-FD-81

**July 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Bradley Steidle appeals his conviction of operating while intoxicated, a Class A misdemeanor. Steidle raises the sole issue of whether there was sufficient evidence to sustain his conviction. Concluding the evidence was insufficient to establish that he operated a vehicle in a manner that endangered a person, we reverse and remand.

## Facts and Procedural History

In the early morning of June 3, 2011, Officer Robert Mitchell of the Clinton County Sheriff's Department observed that the vehicle Steidle was driving had only one headlight working. As a result, he initiated a traffic stop. Upon approaching the vehicle, Officer Mitchell noted the smell of alcohol coming from the vehicle. He also later observed that Steidle had bloodshot and glossy eyes, slow manual dexterity, and that his movements were somewhat staggered. Steidle told Officer Mitchell that he had consumed five beers since seven o'clock the prior evening. Officer Mitchell administered two field sobriety tests. Steidle failed the horizontal gaze nystagmus test and staggered and lost his balance both times he attempted to complete the walk and turn test. He then refused to perform the one-legged stand test, as well as the chemical breath test. Steidle was placed under arrest and transported to the Sheriff's Department, where he once again refused to take a chemical test. After a jury trial, Steidle was convicted of operating while intoxicated as a Class A misdemeanor and found guilty of two infractions—improper head lamps and driving while suspended.[1] He was sentenced accordingly, and this appeal followed. Additional facts will be provided as necessary.

---

[1] Initially, Steidle was also charged with two counts of possession of a controlled substance due to some prescription pills found in the vehicle, but those charges were dismissed prior to trial.

## I. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

## II. Sufficiency of the Evidence

Steidle was convicted of operating a vehicle while intoxicated as a Class A misdemeanor. Thus, the State was required to prove beyond a reasonable doubt that he operated a vehicle while intoxicated in a manner that endangered a person. See Ind. Code § 9-30-5-2(b).[2] Steidle contends that the evidence was insufficient to prove that he was either intoxicated or that his operation of a vehicle endangered a person.

### A. Intoxication

We first address Steidle's contention that the evidence was insufficient to prove that he was intoxicated. Intoxication is defined as being "under the influence of (1) alcohol . . . so that there is an impaired condition of thought and action and the loss of

---

[2] The lesser included offense of operating a vehicle while intoxicated as a Class C misdemeanor does not require proof that the defendant operated a vehicle in a manner that endangered a person. See Ind. Code § 9-30-5-2(a).

normal control of a person's faculties." Ind. Code § 9-13-2-86. Impairment can be established by presenting evidence of the following: "(1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech." Fields v. State, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008) (quoting Ballinger v. State, 717 N.E.2d 939, 943 (Ind. Ct. App. 1999)).

Here, Officer Mitchell testified that he noted the smell of alcohol coming from the vehicle, and that he observed that Steidle had bloodshot and glossy eyes, slow manual dexterity, and somewhat staggered movements. Steidle also failed one field sobriety test and was unable to complete another. The jury could have also considered Steidle's refusal of a chemical test as evidence of intoxication. See Ham v. State, 826 N.E.2d 640, 642 (Ind. 2005) ("Whether a defendant's refusal to submit to a chemical test is evidence of intoxication or merely that the defendant refused to take the test is for the lawyers to argue and the jury to decide."). Finally, Steidle testified at trial that he had consumed a bucket of five beer bottles that night. Thus, the evidence was sufficient to satisfy the State's burden of proving that Steidle was intoxicated beyond a reasonable doubt. Steidle's argument that there were significant errors and inconsistencies in Officer Mitchell's testimony is simply an invitation for us to reweigh the evidence and assess the credibility of the witnesses, which we cannot do on appeal.

B. Endangerment

Having concluded that the evidence was sufficient to establish that Steidle was operating while intoxicated, we next address whether the evidence was sufficient to prove

4

that he operated his vehicle in a manner that endangered a person. To sustain a conviction for operating a vehicle while intoxicated as a Class A misdemeanor, the State is required to submit proof of endangerment that goes beyond proof of mere intoxication. Outlaw v. State, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), adopted and incorporated by reference by 929 N.E.2d 196 (Ind. 2010). Endangerment can be proven by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant himself. Dorsett v. State, 921 N.E.2d 529, 532 (Ind. Ct. App. 2010).

Here, Officer Mitchell conducted a traffic stop of Steidle's vehicle due to a malfunctioning headlight, and there was no evidence of unsafe or erratic driving. Thus, this case is unlike Staley v. State, 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008), trans. denied, where the court held that evidence of driving ten miles per hour over the speed limit without the headlights on was sufficient to establish that the defendant's intoxication "resulted in unsafe driving practices," but akin to Outlaw, 918 N.E.2d at 382, where the traffic stop was based on a non-illuminated license place and this court held— in an opinion approved and incorporated by reference by our supreme court—that there was no evidence of endangerment. The State argues that evidence Steidle was driving in the middle of the night with one headlight out and while talking on the phone established endangerment. An equipment malfunction and speaking on a cell phone, however, are not a function of being intoxicated, and are not sufficient evidence that Steidle operated his vehicle in an unsafe manner. Thus, the evidence was insufficient to establish the endangerment element of a conviction for operating while intoxicated as a Class A misdemeanor. See Outlaw, 918 N.E.2d at 382 n.2 (stating that the defendant's slow

5

response to the officer's activation of his emergency lights was "not equivalent to dangerous driving" and therefore was not sufficient evidence of endangerment). We therefore reverse and remand to the trial court with instructions to vacate Steidle's Class A misdemeanor conviction and sentence and enter a judgment and an appropriate sentence for operating a vehicle while intoxicated as a Class C misdemeanor.

## Conclusion

The evidence was sufficient to prove intoxication but insufficient to establish endangerment. We therefore reverse Steidle's Class A misdemeanor conviction and remand with instructions.

Reversed and remanded.

RILEY, J., and FRIEDLANDER, J., concur.