## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 06 2018, 9:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew A. Kobe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alejandro Eligio Pascual, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 6, 2018 <br><br> Court of Appeals Case No. <br> 49A04-1712-CR-2900 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> Trial Court Cause No. <br> 49G07-1701-CM-3923 |

**Barnes, Senior Judge.**

# Case Summary

Alejandro Pascual appeals his conviction for Class A misdemeanor operating a vehicle while intoxicated in a manner that endangered a person. We affirm.

# Issue

The sole issue before us is whether the State presented sufficient evidence of endangerment to support Pascual's conviction.

# Facts

On January 29, 2017, at approximately 12:51 A.M., Officer Ricardo Flores of the Indianapolis Metropolitan Police Department ("IMPD") was near the intersection of 71st Street and Michigan Road in Indianapolis, when two vehicles "sped through the parking lot where [he] was parked." Tr. Vol. II p. 9. The vehicles traveled southbound on Michigan Road, and the second vehicle – a gray Honda later found to be driven by Pascual – appeared to be chasing the other vehicle. Neither vehicle had its headlights illuminated.

Officer Flores called for backup and followed the vehicles, which entered an O'Reilly Auto Parts parking lot farther down Michigan Road. As the vehicles moved in "a large sweeping circle" in the parking lot, Pascual "rammed into" the other vehicle with his Honda. *Id*. at 12. Officer Flores activated his emergency lights and siren. Pascual then shifted his vehicle into reverse and proceeded eastbound. Officer Flores "put out over the radio that [he] was in vehicle pursuit." *Id*. at 13.

[5] Pascual drove around the O'Reilly Auto Parts building with Officer Flores in pursuit and plowed into a curb. He then shifted his vehicle into reverse. "[Officer Flores] was pretty close . . . and backed up to keep [Pascual']s car from striking [his]." *Id*. "Once [Pascual] was away from the curb, he then attempted to place [his vehicle] into drive"; he was "revving" his engine, but "the vehicle was immobile at that point" with a disabled transmission. *Id*. at 13, 19.

[6] Officer Flores approached and instructed Pascual—the lone occupant of the Honda—to turn off his ignition and exit the Honda. After he handcuffed Pascual, Officer Flores "detect[ed] the odor of an alcoholic beverage on [Pascual's] breath or person"; Pascual's speech was slurred and his eyes were "bloodshot [and] watery." *Id*. at 20, 21. IMPD Officer Randy Weitzel arrived on the scene and took over the investigation. Because of a language barrier, Officer Weitzel was unable to explain Indiana's Implied Consent Law to Pascual. Officer Weitzel did not administer field sobriety tests. Officer Weitzel sought and obtained a warrant for a blood draw, which showed Pascual's blood alcohol content to be double the legal limit at .164 gram of alcohol per 100 milliliters of blood. Officer Weitzel's BMV records search failed to show an operator's license for Pascual. A vehicle search incident to arrest revealed two open bottles of Corona beer in plain view inside the Honda.

[7] On January 30, 2017, the State charged Pascual with Class A misdemeanor operating a vehicle while intoxicated endangering a person ("Count I"), Class C misdemeanor operating a vehicle with an alcohol concentration equivalent of

.08 or greater ("Count II"), and Class C misdemeanor knowingly or intentionally operating a motor vehicle without ever receiving a license ("Count III"). He was tried to the bench on November 6, 2017, and was found guilty of Count I and II and not guilty of Count III. The trial court merged Counts I and II and sentenced Pascual to 365 days in Marion County Jail with 359 days suspended to probation. He now appeals.

## Analysis

[8] Pascual does not challenge the sufficiency of the evidence that he was intoxicated; rather, he argues that the evidence is insufficient to show that his operation of the vehicle endangered a person. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id*. The conviction will be affirmed unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. at 146-47 (citation omitted). To convict Pascual of operating a vehicle while intoxicated as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that he operated his vehicle while intoxicated "in a manner that endangers a person." Ind. Code § 9-30-5-2(b).

[9] In *Outlaw v. State,* 918 N.E.2d 379 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010), a panel of this court reversed Outlaw's conviction for operating

a vehicle while intoxicated in a manner that endangers a person, where the evidence showed that Outlaw was pulled over solely for having an improperly-illuminated license plate. He committed no other traffic infraction. We concluded that "the State was required to submit proof of endangerment that went beyond mere intoxication for the defendant to be convicted of operating while intoxicated, as a class A misdemeanor." *Outlaw,* 918 N.E.2d at 382. Because the State presented no evidence of "erratic or unlawful driving," we found that "no evidence other than the intoxication suggests Outlaw was operating his motor vehicle in a manner that would endanger himself, his three passengers, or any other person." *Id.*

[10] Here, unlike *Outlaw*, the record reveals that Officer Flores observed Pascual driving in an unsafe manner—speeding; driving too closely behind another vehicle; driving on Michigan Road without his headlights on; circling through a parking lot without his headlights on; colliding with the other vehicle; and slamming into a curb with sufficient force to disable his vehicle. Officer Flores also testified that he had to move his squad car out of striking range when Pascual shifted into reverse. *See Staley v. State,* 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008) (driving ten miles per hour over the speed limit without headlights on is sufficient to establish that the defendant's intoxication resulted in unsafe driving practices).

[11] Based on the foregoing, we conclude that the State presented sufficient evidence to support Pascual's conviction for operating a vehicle while intoxicated in a manner that endangered himself, the police, and the public.

# Conclusion

The State presented sufficient evidence to support Pascual's conviction for operating a vehicle while intoxicated in a manner that endangered a person. We affirm.

Affirmed.

Vaidik, C.J., and Pyle, J., concur.