# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2020, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Katelyn Bacon
Marion County Public Defender Agency
- Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dorothy Goodpaster,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 13, 2020<br><br>Court of Appeals Case No.<br>20A-CR-182<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Dylan Vigh, Judge Pro Tempore<br><br>Trial Court Cause No.<br>49G12-1905-CM-21495 |

**Mathias, Judge.**

[1]     Following a bench trial in Marion Superior Court, Dorothy Goodpaster ("Goodpaster") was convicted of Class A misdemeanor operating a vehicle

while intoxicated ("OWI") endangering a person and sentenced to 180 days suspended to probation. Goodpaster appeals and argues that the evidence is insufficient to support her conviction.

We affirm.

## Facts and Procedural History

On the evening of May 30, 2019, Goodpaster went to an American Legion outpost, where she drank alcoholic beverages. On her way home, Goodpaster was involved in a head-on collision with another vehicle at Rockville Road and Rockville Avenue in Indianapolis. Officer Adam Jones ("Officer Jones") was dispatched to the scene of the accident, where he encountered Goodpaster receiving medical treatment in an ambulance.

Upon entering the ambulance to speak with Goodpaster, Officer Jones immediately noticed the smell of alcohol coming from her person. He also observed that her eyes were glassy and bloodshot. As he questioned Goodpaster, Officer Jones noticed that Goodpaster appeared to be intoxicated. He therefore advised her of her *Miranda* rights, after which she admitted that she had been driving at the time of the accident. She claimed, however, to only have drunk one alcoholic beverage that night. Officer Jones decided not to ask Goodpaster to perform field sobriety tests, as he did not know if she had sustained a head injury that might affect her performance on such tests. Instead, after reading her the implied consent law, he asked Goodpaster to use a portable breath test, to which she consented. The test indicated that Goodpaster

was intoxicated. Officer Jones then asked Goodpaster to consent to a blood draw, and she gave her consent. Officer Jones took Goodpaster to Eskenazi Hospital, where registered nurse Holly Hepworth ("Hepworth") drew two vials of blood from Goodpaster. Officer Jones was present during the blood draw. Officer Jones took the blood samples, sealed them, and placed them in storage in the police property room.

[5] Indianapolis Marion County Forensic Services Agency forensic scientist Savannah Chris ("Chris") later took the blood samples from the Indianapolis Metropolitan Police Department property room and analyzed them for the presence of alcohol. Chris's tests indicated that Goodpaster's blood had an alcohol concentration equivalent of 0.114 gram of alcohol per 100 milliliters of blood.

[6] On May 31, 2019, the State charged Goodpaster with Class A misdemeanor operating a vehicle while intoxicated endangering a person. A bench trial was held on October 15, 2019. At trial, Goodpaster objected when the State offered into evidence the laboratory report showing Goodpaster's blood alcohol concentration equivalent, claiming that the State had failed to lay a proper foundation. At the conclusion of the trial, the trial court took the matter under advisement and instructed the parties to submit briefing on the issue of the admissibility of the report.

[7] On December 9, 2019, the trial court issued an order admitting the laboratory report into evidence and finding Goodpaster guilty as charged. On December

19, 2019, the trial court sentenced Goodpaster to 180 days, all suspended to probation, and also suspended her driver's license for sixty days. Goodpaster now appeals.

## Standard of Review

Goodpaster claims that the State failed to present evidence sufficient to prove that she was intoxicated or endangered a person.

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the verdict and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)).

## Discussion and Decision

To convict Goodpaster of Class A misdemeanor OWI, the State was required to prove that she operated a vehicle while "intoxicated" and that she did so "in a manner that endangers a person." Ind. Code § 9-30-5-2.

## I. Intoxicated

[10] Goodpaster first claims that the State failed to prove that she was intoxicated. "Intoxicated" means under the influence of alcohol so that "there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86.

[11] Impairment may be established by: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech. *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *opinion adopted*, 929 N.E.2d 196 (Ind. 2010).

[12] Here, Officer Jones testified that Goodpaster smelled of alcohol and had glassy, bloodshot eyes. He also testified that, based on his experience, he believed her to be intoxicated and that the portable breath test confirmed his belief. This is sufficient to support the trial court's finding that Goodpaster was intoxicated. *See Woodson v. State*, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012) (noting that a police officer may offer an opinion on intoxication and that a conviction may sustained on the sole testimony of an arresting officer), *trans. denied* (citing *Wright v. State*, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002)). [1]

---

[1] As part of her sufficiency-of-the-evidence claim, Goodpaster argues that the trial court erred by admitting the laboratory report because the State did not properly establish that Goodpaster's blood was drawn under the supervision of a physician or under a protocol prepared by a physician, as required by Indiana Code

## II. Endangerment

Goodpaster also contends that the State failed to prove that she operated her vehicle while intoxicated in a manner that endangered a person. To prove endangerment, the State must prove that the defendant was operating the vehicle in a condition or manner that *could* have endangered any person, including the public, the police, or the defendant. *Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011), *trans. denied* (citing *Outlaw*, 918 N.E.2d at 381). The endangerment requirement does not require that the State prove a person other than the defendant was actually in the path of the defendant's vehicle or in the same area in order to obtain a conviction. *Id.* "An officer does not have to wait until the defendant crosses the centerline and adds another victim to the statistics of those who have died in drunk driving accidents." *Id.* Instead, it is sufficient that the defendant's condition renders driving unsafe. *Id.*

Goodpaster does not deny that she was involved in a head-on collision with another vehicle. But she claims that the State presented no evidence that she

section 9-30-6-6(a). Because the Officer Jones's testimony was sufficient to establish Goodpaster's intoxication, the admission of the laboratory report was, at most, harmless error.

Moreover, in *Boston v. State*, 947 N.E.2d 436, 441 (Ind. Ct. App. 2011), we held that the fact that a blood sample was taken at a licensed hospital shows that the test "employ[s] the 'technical adherence' to a physician's directions or to a physician's protocol required by our evidentiary rules for the admission of blood test results." *Id.* at 444. Here, there is no question that Eskenazi Hospital is a "licensed hospital" for purposes of I.C. § 9-30-6-6. Thus, the fact that Nurse Hepworth drew Goodpaster's blood at this licensed hospital is sufficient to establish that it was done in accordance to a physician's protocol. *See id.* The trial court therefore properly admitted the laboratory report, which showed that Goodpaster had a blood alcohol concentration equivalent of 0.114. Evidence that a person had, at the time of the alleged violation an alcohol concentration equivalent of at least 0.08 is prima facie evidence of intoxication. *Temperly v. State*, 933 N.E.2d 558, 567 (Ind. Ct. App. 2010), *trans. denied* (citing Ind. Code § 9-13-2-131).

was at fault in the accident and that, therefore, there is no evidence that she endangered a person. We disagree.

[15] The State presented evidence that Goodpaster displayed outward signs of impairment. Officer Jones testified that Goodpaster appeared to be intoxicated, and the breath test confirmed this. More importantly, Goodpaster was involved in a head-on collision on a city street. We think that the trial court, acting as the trier of fact, could reasonably conclude from this that the accident was at least partially attributable to Goodpaster's intoxication.[2] There was sufficient evidence from which the trial court could conclude that Goodpaster operated her vehicle while intoxicated in a manner that endangered a person.

## Conclusion

[16] The State presented evidence sufficient to prove that Goodpaster operated a vehicle while intoxicated in a manner that endangered a person. We therefore affirm the judgment of the trial court.

[17] Affirmed.

Riley, J., and Tavitas, J., concur.

---

[2] Goodpaster's citation to *Temperly*, 933 N.E.2d at 568, is unavailing, as it was stipulated in that case that the defendant did *not* cause the accident at issue and that the other driver drove his vehicle into the path of the defendant's vehicle. There is no such stipulation here.